UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH HONEYCUTT,

       Plaintiff,                    Civil Action No. 22-cv-11752
                                                HON. BERNARD A. FRIEDMAN

vs.

THOR MOTOR COACH, INC., *et al.*,

       Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANT GENERAL RV CENTER'S MOTION FOR SUMMARY JUDGMENT

I.    Introduction

Joseph Honeycutt commenced this diversity consumer protection action against Thor Motor Coach, Inc. and General RV Center after he purchased an allegedly defective recreational vehicle.

Before the Court is General RV's motion for summary judgment. (ECF No. 15). Honeycutt responded. (ECF No. 16). General RV filed a reply. (ECF No. 17). The Court will decide the motion without oral argument pursuant to E.D. Mich. LR 7.1(f)(2). For the following reasons, the Court will grant General RV's motion.

II.    Background

On June 19, 2020, Honeycutt and his wife purchased a 2020 Thor Palazzo from General RV at its North Canton, Ohio location. (ECF No. 16-2, PageID.326, ¶

2; ECF No. 15-1).  They paid $224,773.38, including tax, title, and the trade-in value of their previous vehicle. (*Id.*).  The transaction comprised the following documents:

- the Purchase Agreement (ECF No. 15-1, PageID.238-39);
- the "As Is" and Warranty Disclaimer Acknowledgment (*Id.*, PageID.241);
- the Lemon Law Notice to Purchaser of New Vehicle (*Id.*, PageID.243);
- the Delivery Receipt, Storage Agreement and Risk of Loss Notice and Acknowledgment (*Id.*, PageID.245);
- the Service Call Agreement (*Id.*, PageID.247); and
- the Transaction Acknowledgment and Communication Consent Form (*Id.*, PageID.249).

Honeycutt discovered "a laundry list of substantial defects" with the recreational vehicle soon after the purchase. (*Id.*, PageID.327, ¶ 7).  Honeycutt brought the vehicle to General RV for repairs no less than four times in the nine months since the purchase. (*Id.*, PageID.328-31, ¶¶ 8-12; ECF No. 16-3, PageID.334-59).  The most recent repair visit lasted over a year, from March 19, 2021 through March 26, 2022. (*Id.*, PageID.330-31, ¶¶ 11-12).  According to Honeycutt, "[e]ach and every time we got the RV back from General RV Center after repairs, there were new things wrong with the RV that they caused and many of the repairs were poorly made or not made correctly." (*Id.*, PageID.331, ¶ 13).

Honeycutt initiated this action in Ohio state court to recover, among other things, the recreational vehicle's purchase price and statutory damages. (ECF No. 2). The complaint alleged causes of action under (1) Ohio's Lemon Law, (2) the Magnuson-Moss Warranty Act, (3) Ohio's Uniform Commercial Code, (4) implied warranty "sounding in tort," and (5) Ohio's Consumer Sales Practices Act. (*Id.*, PageID.51-60, ¶¶ 11-67).

Both Thor and General RV removed the case to the United States District Court for the Southern District of Ohio. (ECF No. 1-2, PageID.45-46). The district judge transferred the matter to the Eastern District of Michigan because both the Purchase Agreement and the Lemon Law Notice contained clauses selecting Michigan as the adjudicative forum for the parties' claims. (ECF No. 3, PageID.89-92).

Defendants answered the complaint jointly once the clerk docketed the matter in this district. (ECF No. 8). General RV moved for summary judgment on all the asserted causes of action. (ECF No. 9). Honeycutt then amended the complaint, limiting the claims against General RV to (1) breach of the implied warranties merchantability and fitness "sounding in tort", and (2) violations of Ohio's Consumer Sales Practices Act. (ECF No. 11, PageID.146-50, ¶¶ 38-67). General

RV now renews its summary judgment motion as to those remaining two claims.[1] (ECF No. 15).

III. Legal Standards

A moving party is entitled to summary judgment where the "materials in the record" do not establish the presence of a genuine dispute as to any material fact. Fed. R. Civ. P. 56(c). All the evidence, along with all reasonable inferences, must be viewed in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

IV. Analysis

    A. *Ohio Consumer Sales Practices Act (Count V)*

General RV contends that the Purchase Agreement's choice-of-law provision – compelling the application of Michigan law "to all potential disputes" – precludes Honeycutt's Ohio Consumer Sales Practices Act claim. (ECF No. 15-1, PageID.238; ECF No. 15, PageID.232; ECF No. 17, PageID.361-63).

The choice-of-law provision reads in pertinent part:

> **APPLICABLE LAW; CHOICE OF LAW; FORUM SELECTION – MICHIGAN; TIME LIMITATION FOR FILING**
>
> . . . Should any dispute arise out of, or relate to, this Agreement, the RV sold pursuant to this Agreement, and/or service work on

---

[1] The original summary judgment motion remains pending because General RV never withdrew it in response to Honeycutt's amended complaint. The Court will deny the motion as moot for the reasons stated in this opinion and order.

4

> the RV, **those disputes shall be governed by the substantive laws of the state of Michigan**, without regard to conflict of law rules. This means that if Purchaser files a claim against Dealer regarding anything with the RV, Michigan law will control that claim.[2]

(ECF No. 15-1, PageID.239, ¶ 2) (emphasis in original).

Federal courts sitting in diversity must apply the choice-of-law rules of the state where the federal district is located – in this case, Michigan. *Stone Surgical, LLC v. Stryker Corp.*, 858 F.3d 383, 389 (6th Cir. 2017); *see also Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Michigan's public policy favors the enforcement of contractual choice-of-law provisions. *Turcheck v. Amerifund Fin., Inc.*, 272 Mich. App. 341, 345 (2006). Determining the applicable law involves "balanc[ing] the expectations of the parties with the interests of the States." *Martino v. Cottman Transmission Sys.*, 218 Mich. App. 54, 60 (1996). Even where the choice-of-law provision expressly disregards the chosen state's conflict-of-law rules

---

[2] The Lemon Law Notice reiterates that:

> **Statement re: Ohio's Lemon Law/Michigan Law & Forum/Venue:**
>
> . . . I understand that General RV and I have agreed that if any disputes arise between us about the RV I am purchasing they will be resolved by a claim filed in Oakland County, Michigan, **with Michigan Law applying, per the terms of our 2-sided Purchase Agreement.**

(ECF No. 15-1, PageID.243) (emphasis added).

(like the one under consideration) the analysis under Michigan law remains unchanged. *See Nat'l Collegiate Student Loan Trust v. Peterson*, No. 311566, 2013 Mich. App. LEXIS 1904, at *4-5 (Mich. Ct. App. Nov. 21, 2013).

Michigan courts resort to sections 187 and 188 of the Second Restatement of Conflict of Laws to decide whether contractual choice-of-law provisions are enforceable. *Chrysler Corp. v. Skyline Indus. Servs.*, 448 Mich. 113, (1995). Section 187(1) permits the application of the parties' choice of law if the contested substantive issue is one they could have resolved by an explicit contractual provision "directed to that issue."

There are two exceptions to this general rule. *One*, where "the chosen state has no substantial relationship to the parties or the transaction *and* there is no other reasonable basis for the parties' choice." Restatement (Second) of Conflict of Laws § 187(2)(a) (emphasis added). Or *two*, where applying the chosen state's law "would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties." *Id.* at § 187(2)(b).

Applying this framework yields the conclusion that the choice-of-law provision is enforceable. General RV is a Michigan corporation with its

6

headquarters and principal place of business in Wixom, Michigan.[3] (ECF No. 17, PageID.362). "This is, in and of itself, sufficient to establish a 'substantial relationship' under Section 187(2)(a)." *Ace Hardware Corp. v. Oxford Vill. Hardware, Inc.*, No. 05-73996, 2009 U.S. Dist. LEXIS 7714, at *16 (E.D. Mich. Feb. 2, 2009); *see also JTH Tax, Inc. v. Magnotte*, No. 19-11607, 2020 U.S. Dist. LEXIS 4256, at *10 (E.D. Mich. Jan. 10, 2020) (holding that the plaintiff's principal place of business is sufficient to establish a "substantial relationship"). And so long as "the state of the chosen law has some substantial relationship to the parties . . . , [they] will be held to have had a reasonable basis for their choice." Restatement (Second) of Conflict of Laws § 187 cmt. f.

Nor does the application of Michigan law conflict with any of Ohio's fundamental policies. Assuming Ohio has a "materially greater interest" in resolving Honeycutt's claims than Michigan, *see* Restatement (Second) of Conflict of Laws § 187(2)(b), Ohio's fundamental policy is to enforce the parties' choice of law. *See*

---

[3] General RV offered no admissible evidence verifying the state where it is incorporated or the location of its headquarters and principal place of business. *See* Fed. R. Civ. P. 56(c). The Court will, nonetheless, take judicial notice of General RV's incorporation in the state of Michigan, as well as the location of its principal place of business in Wixom, since that information appears on the corporate documents the company filed with Michigan's Department of Licensing and Regulatory Affairs. *See* Department of Licensing and Regulatory Affairs, Corporations Online Filing System, https://tinyurl.com/3jcmnykn (last visited Nov. 29, 2022); *see also* Fed. R. Evid. 201(a)-(d); *Clark v. Stone*, 998 F.3d 287, 298 (6th Cir. 2021) (holding that federal courts may take judicial notice of public records).

*Flex Homes, Inc. v. Ritz-Craft Corp of Mich.*, No. 07-1005, 2008 U.S. Dist. LEXIS 21339, at *8-9 (N.D. Ohio Mar. 18, 2008) (holding that a choice-of-law provision did not violate Ohio policy "[g]iven Ohio's policy of enforcing choice of law provisions").

Since the parties' choice of law does not fall within either one of the Restatement's exceptions, the Purchase Agreement's choice-of-law provision is enforceable. And because the parties opted for Michigan law to govern their dispute, Honeycutt may not proceed with his Ohio Consumer Protection Act claim.

    B.    *Implied Warranties of Merchantability and Fitness (Count IV)*

Michigan courts have long recognized the implied warranties of merchantability and fitness. *See, e.g., Piercefield v. Remington Arms Co.*, 375 Mich. 85, 98-99 (1965); *Buckeye Union Fire Ins. Co. v. Detroit Edison Co.*, 38 Mich. App. 325, 330 (1972). Breach of an implied warranty requires evidence that (1) the product left the manufacturer in a defective condition, and (2) the defect caused the plaintiff's injuries. *Jodway v. Kennametal, Inc.*, 207 Mich. App. 622, 629 (1994). A product is defective if it is not "reasonably fit for its intended, anticipated or reasonably foreseeable use." *Gregory v. Cincinnati, Inc.*, 450 Mich. 1, 34 (1995) (citations omitted).

Honeycutt asserts that General RV breached an implied warranty "sounding in tort" when it sold him a defective recreational vehicle. (ECF No. 11, Page ID.146, ¶ 39). The Purchase Agreement's express terms undercut this theory of liability.

The Purchase Agreement is both clear and unambiguous – General RV disclaimed all warranties. Paragraph 11 reads:

> **Exclusion of Warranties, "As Is" Purchase**
>
> Purchaser understands that there may be written warranties covering this RV, but that these warranties are offered by the manufacturer of the RV, its components and/or its appliances. These warranties have been provided to Purchaser, and Purchaser has read and understands these warranties. Purchaser understands that Dealer offers no warranties, express or implied, on this RV. **This RV is sold "As Is" by Dealer, and Dealer disclaims all warranties, express or implied, including, but not limited to any implied warranty of merchantability or fitness for a particular purpose.**

(ECF No. 15-1, PageID.239, ¶ 11) (emphasis in original, capitalizations omitted).

Paragraph 12 further provides:

> **Limitation and Disclaimer of Damages; No Refund, "As Is" Purchase**
>
> Except in states that do not allow limitation of damages, the following limitation of damages applies. Dealer disclaims any incidental and/or consequential damages such that Purchaser shall not be entitled to incidental or consequential damages from Dealer. Also, since this is an **"As Is"** purchase as to Dealer, Purchaser cannot rescind nor revoke acceptance of this contract, or the vehicle, or return the vehicle to Dealer.

(*Id.*, ¶ 12) (emphasis in original, capitalizations omitted).

9

Unambiguous contracts must be enforced as written. *Rory v. Continental Ins. Co.*, 473 Mich. 457, 468 (2005). The Purchase Agreement makes abundantly clear that General RV disclaimed all warranties, including any implied warranties. Michigan courts have upheld similar warranty disclaimers in the past. *Davis v. LaFontaine Motors, Inc.*, 271 Mich. App. 68, 74-78 (2006) (upholding an automobile dealership's warranty disclaimer). And the judges in this district have enforced the exact same warranty disclaimers time and again. *See, e.g., Carrigg v. General R.V. Ctr., Inc.*, 421 F. Supp. 3d 480, 485-86, 490 (E.D. Mich. 2019); *Pincast, LLC v. Thor Motor Coach*, No. 19-11686, 2019 U.S. Dist. LEXIS 184813, at *5-7 (E.D. Mich. Oct. 25, 2019). For this reason alone, Honeycutt's implied warranty claim cannot withstand summary judgment.

But even placing aside General RV's warranty disclaimers, Michigan's economic loss doctrine would thwart the implied warranty claim. The economic loss doctrine provides that "where a purchaser's expectations in a sale are frustrated because the product he bought is not working properly, his remedy is said to be in contract alone, for he has suffered only 'economic' losses." *Neibarger v. Universal Cooperatives, Inc.*, 439 Mich. 512, 520 (1992) (cleaned up). The doctrine hinges upon the fundamental premise that:

> in a commercial transaction, the parties to a sale of goods have the opportunity to negotiate the terms and specifications, including warranties, disclaimers, and limitation of remedies. Where a product proves to be faulty after the parties have

> contracted for sale and the only losses are economic, the policy considerations supporting products liability in tort fail to serve the purpose of encouraging the design and production of safer products.

*Id.* at 523.

The economic loss doctrine does not preclude tort actions where the defective product causes (1) physical injuries, or (2) damage to property (other than the defective product itself) that the contracting parties could not have otherwise contemplated. *Id.* at 532; *see also Bailey Farms, Inc. v. NOR-AM Chemical Co.*, 27 F.3d 188, 192 (6th Cir. 1994) (applying Michigan's economic loss doctrine where damages "were purely economic and consequential, and there was no accident or physical injury.").

Neither of these exceptions to the economic loss doctrine exist here. Honeycutt offers no evidence that the recreational vehicle's defects physically harmed him or damaged any of his other property. Nor does the amended complaint allege that he suffered those sorts of injuries.

Honeycutt reads *Neibarger v. Universal Cooperatives, Inc.*, 439 Mich. 512 (1992) hyperliterally and argues that the economic loss doctrine is inapplicable to consumer transactions like this one, as opposed to commercial transactions between sophisticated businesses. (ECF No. 16, PageID.311). Michigan courts expressly reject this distinction. *See Sherman v. Sea Ray Boats*, 251 Mich. App. 41, 50 (2002) (rejecting the argument that "the economic loss doctrine applies only to

'commercial' or 'non-consumer' transactions"); *Conrad v. Certainteed Corp.*, No. 308705, 2013 Mich. App. LEXIS 2039, at *10-13 (Mich. Ct. App. Dec. 12, 2013) (same); *see also Murphy v. P&G Co.*, 695 F. Supp. 2d 600, 606 (E.D. Mich. 2009) (same).  Because Honeycutt incurred purely economic damages stemming from the recreational vehicle's alleged defects, the economic loss doctrine bars his implied warranty claim. *See Frankenmuth Mut. Ins. Co. v. Caterpillar, Inc.*, No. 20-12908, 2021 U.S. Dist. LEXIS 87361, at *8-9 (E.D. Mich. May 7, 2021) (holding that the economic loss doctrine precluded an implied warranty claim where "the harm was only economic.").  Accordingly,

IT IS ORDERED that General RV's motion for summary judgment (ECF No. 15) is granted.

IT IS FURTHER ORDERED that General RV's previous motion for summary judgment (ECF No. 9) is denied as moot.

**IT IS SO ORDERED.**

s/Bernard A. Friedman<br>
Hon. Bernard A. Friedman<br>
Senior United States District Judge

Dated: November 30, 2022
      Detroit, Michigan